**HAMPTON LUMBER MILLS–WASHINGTON, INC.,**
Petitioner

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

No. 01–1276.

United States Court of Appeals, District of Columbia Circuit.

May 17, 2002.

Before EDWARDS, HENDERSON and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This cause was heard on the record from the National Labor Relations Board (Board) and on the briefs and arguments of counsel.

Hampton Mills–Washington, Inc. (Hampton) petitions for review of the Board's May 31, 2001 decision finding that Hampton violated sections 8(a)(1) and (5) of the National Labor Relations Act (Act), 29 U.S.C. §§ 151 *et seq.*, by refusing to recognize and bargain with the Lumber and Saw Mills Workers Union No. 2767 a/w United Brotherhood of Carpenters & Joiners of America, AFL–CIO (Union) be-

ginning on November 30, 1999 when Hampton attained successor status and received the Union's demand letter for recognition. Responding to Hampton's argument that it was not required to recognize and bargain with the Union in light of an employee petition submitted to it on December 8, 1999, in which a majority of employees declared their desire not to be represented by the Union, the Board first rejected that defense by affirming the Administrative Law Judge's application of the successor bar rule adopted in *St. Elizabeth Manor, Inc.*, 329 NLRB No. 36 (1999).* In the alternative, the Board found Hampton's unlawful November 30 refusal to recognize the Union presumptively tainted the subsequent employee petition. *See Lee Lumber & Bldg. Material Corp. v. NLRB*, 322 NLRB 175 (1996), *aff'd in pertinent part and remanded on other grounds*, 117 F.3d 1454 (D.C.Cir.1997) (creating presumption that "when an employer unlawfully fails or refuses to recognize and bargain with an incumbent union, any employee disaffection from the union that arises during the course of that failure or refusal results from the earlier unlawful conduct"). Hampton claims the Board erred in applying the *Lee Lumber* presumption because on November 30, 1999, Hampton merely referred the Union's demand letter to its counsel, which action, Hampton argues, did not constitute an unlawful refusal to bargain. Hampton failed to make this argument to the Board, however, and, accordingly, the court lacks jurisdiction to consider it now. *See Parsippany Hotel Mgmt. Co. v. NLRB*, 99 F.3d 413, 417–18 (D.C.Cir.1996); 29 U.S.C. § 160(e) ("[n]o objection that has not been urged before the Board ... shall be considered by the court, unless failure or neglect to urge

---

* Pursuant to Hampton's request, the court ordered its challenge to the successor bar rule held in abeyance pending the Board's reconsideration of that rule in unrelated cases.

such objections shall be excused because of extraordinary circumstances"). Notwithstanding the Board raised the *Lee Lumber* presumption *sua sponte*, Hampton was nonetheless obligated to make its objection known to the Board, whether through a motion to reconsider, to rehear or to reopen the record as permitted under section 102.48(d)(1) of the Board's Rules and Regulations, 29 C.F.R. § 102.48(d)(1). *See Woelke & Romero Framing Inc. v. NLRB*, 456 U.S. 645, 665–66, 102 S.Ct. 2071, 72 L.Ed.2d 398 (1982). Nor do "extraordinary circumstances" excuse its failure. Hampton's assertion that the Board's adoption of the successor bar rule manifests the futility of seeking reconsideration of the application of the *Lee Lumber* presumption is unavailing.

Because we enforce the Board's Order on the alternative rationale set forth above, the court no longer holds any issue in abeyance. It is therefore

ORDERED that the petition for review is denied and that the cross-application for enforcement is granted.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.